O

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# LAREDO DIVISION

| | |
|---|---|
| **ROBERTO RODRIQUEZ-SAUCEDO,** § | |
| *Petitioner*, § | |
| § | **CIVIL ACTION NO. 5:06-cv-15** |
| v. § | **CRIMINAL NO. 5:03-cr-01973** |
| § | |
| **UNITED STATES,** § | |
| *Respondent*. § | |

## OPINION & ORDER

Pending before the Court is Petitioner Roberto Rodriguez-Saucedo's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. [Civ. Doc. No. 1]. Upon due consideration of Petitioner's Motion, the record as it currently stands, and the governing law, the Court DISMISSES Petitioner's Motion.

### I.   PROCEDURAL HISTORY AND RELEVANT FACTS

On February 18, 2004, Petitioner plead guilty to possession with intent to distribute a quantity in excess of five kilograms of cocaine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 18 U.S.C. § 2. [Cr. Doc. No. 17]. He was thereafter sentenced to 120 months imprisonment. [Cr. Doc. No. 17].

On direct appeal to the U.S. Court of Appeals for the Fifth Circuit, Petitioner's conviction and sentence were affirmed, [Cr. Doc. No. 27], and on October 17, 2005, the U.S. Supreme Court denied certiorari, [Cr. Doc. No. 28]. On January 24, 2006, Petitioner filed the § 2255 Motion now before the Court, for which he filed no supporting memorandum. [Doc. No. 1]. First, Petitioner argues that he was improperly denied a downward "safety valve" sentence adjustment by the district court and, therefore, he is entitled to resentencing. [Doc. No. 1 at 8].

Second, Petitioner urges the same remedy in claiming that the sentencing judge erroneously applied the Federal Sentencing Guidelines as mandatory. [Doc. No. 1 at 5].

## II.     DISCUSSION

Dismissal of a § 2255 motion is warranted when "after prompt review of the files, records, transcripts, and correspondence relating to the judgment under attack, it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief . . . ." 28 U.S.C. § 2255 Proc. R. 4(b).

### A.  The "Safety Valve" Issue

Petitioner argues that, at sentencing, the "government prosecutor . . . abused the § 5K1.1 proceedings" by not moving for a "safety valve" downward sentence departure after debriefing Petitioner. [Doc. No. 1 at 8]. Paragraphs (e) and (f) of 18 U.S.C. § 3553, the so-called "safety valve" provisions, enumerate various criteria which, if satisfied, permit a sentencing court to impose a sentence below the statutory minimum for certain drug offenses.

Assuming for the moment that some error was committed below, Petitioner cannot show prejudice. A motion for safety valve departure "does not entitle a defendant to downward departure, but only enables the sentencing judge to depart on that ground at his discretion." *United States v. Damer*, 910 F.2d 1239, 1240-41 (5th Cir. 1990); *United States v. Harrison*, 918 F.2d 30, 32 (5th Cir. 1990). In this regard, what Petitioner fails to mention is that, while the government did refuse to recommend a safety valve reduction, the sentencing judge made the purely factual determination that Petitioner would not, in any event, qualify for it. [Sentencing Transcript at 30-31]. Specifically, the sentencing judge concluded that Petitioner had not been

forthcoming during his debriefing by the government, and that the account Petitioner therein provided was implausible. *Id.*

It is also worth noting that Petitioner claims that appellate counsel did not raise this issue on direct appeal. [Doc. No. 1 at 8]. This is false; the Fifth Circuit Court of Appeals expressly rejected Petitioner's Safety Valve argument in its opinion affirming his sentence and conviction. *United States v. Rodriguez-Saucedo*, 131 Fed. Appx. 982, 983 (5th Cir. 2005). Thus, after evaluating the basis for the sentencing judge's decision, (as is made clear in the transcript of the sentencing hearing,) as well as the Fifth Circuit's opinion affirming it, the Court concludes that "it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief" as to this claim. 28 U.S.C. § 2255 Proc. R. 4(b).

### B. The *Booker* Issue

Petitioner next argues that his sentence of 120 months imprisonment was imposed erroneously in light of the Supreme Court's recent decision in *United States v. Booker*, 543 U.S. 220 (2005). [Doc. No. 1 at 5]. In *Booker*, the Supreme Court struck down as unconstitutional the segment of 18 U.S.C. § 3553 making application of the federal sentencing guidelines mandatory. *Id.* at 245. Sentencing courts are to treat them as advisory instead. *Id.* The Supreme Court, however, limited the applicability of its holding to future cases and those pending on direct review. *Id.* at 268. ("[W]e must apply today's holdings—both the Sixth Amendment holding and our remedial interpretation of the Sentencing Act—to all cases on direct review.").

What dooms Petitioner's argument is that the statute he was convicted of violating, 21 U.S.C. § 841(b), provides for a mandatory minimum sentence of ten years imprisonment. Importantly, this mandate is distinct from the mandatory provision of the Federal Sentencing Guidelines

3

struck down in *Booker*. Indeed, although the sentencing judge did make mention of the then mandatory nature of the Guidelines, a more fair reading of the transcript yields the conclusion that Petitioner's sentence was imposed primarily in observance of the statutory minimum provided for in § 841.

Additionally, all of the courts to have addressed the issue as to whether *Booker*'s invalidation of the Sentencing Guideline's mandatory provision had any bearing on non-Guideline statutory minimums have answered in the negative, including the First Circuit in *United States v. Antonakopoulos*, 399 F.3d 68, 75 (1st Cir. 2005) ("A mandatory minimum sentence imposed as required by a statute based on facts found by a jury or admitted by a defendant is not a candidate for *Booker* error."); the Ninth Circuit in *United States v. Cardenas*, 405 F.3d 1046, 1048 (9th Cir. 2005) ("Booker does not bear on mandatory minimums . . ."); the Tenth Circuit in *United States v. Moore*, 401 F.3d 1220, 1222 n. 1 (10th Cir. 2005), as well as the Second and Sixth Circuits in a series of unpublished opinions. However, the Fifth Circuit has hereto not formally weighed in on this issue, although it seems to have assumed the same conclusion as the aforementioned circuits in a number of unpublished opinions. *See United States v. Santana*, 2005 U.S. App. LEXIS 12035, 2-3 (5th Cir. 2005) (Concluding that Santana had "fail[ed] to explain why application of the statutorily mandated minimum sentence [established by § 841(b)] should be considered error under *Booker*."); *United States v. Dilks*, 135 Fed. Appx. 653, 656 (5th Cir. 2005) ("Because Dilks was subject to the mandatory minimum sentence of 15 years, he has not shown that his sentence would likely have been different if the judge had sentenced him under the *Booker* advisory regime; therefore, he has not shown plain error."); *United States v. Tatum*, 165 Fed. Appx. 367, 369 (5th Cir. 2006) ("Tatum fares no better on his Fanfan challenge . . . Tatum was subject to a mandatory minimum sentence of one hundred eighty months . . . He has

been sentenced to one hundred eighty months . . . Because Tatum would still be subject to the one hundred eighty-month sentence under an advisory regime, the Fanfan error is harmless."). Therefore, given the trend among the circuit courts, as well as the likelihood that the Fifth Circuit will follow suit once it publishes an explicit position, the Court concludes that *Booker* is not implicated here.

### III. CONCLUSION

Petitioner's Motion to Vacate, Set Aside, or Amend Judgment is **DISMISSED** with prejudice. Any future request for a certificate of appealability is **DENIED**. This Court will leave it to the Fifth Circuit to issue a certificate of appealability, should it see fit to do so, in order to expressly address whether *Booker* has any bearing on statutorily mandated minimums.

IT IS SO ORDERED.

DONE this 12th day of October, 2006, in Laredo, TX.

_____
Micaela Alvarez
UNITED STATES DISTRICT JUDGE

**TO INSURE PROPER NOTICE, EACH PARTY WHO RECEIVES THIS ORDER SHALL FORWARD A COPY OF IT TO EVERY OTHER PARTY AND AFFECTED NON-PARTY EVEN THOUGH THEY MAY HAVE BEEN SENT ONE BY THE COURT.**